J-S04034-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MARCUS MITCHELL | : | |
| | : | |
| Appellant | : | No. 1034 EDA 2025 |

Appeal from the Judgment of Sentence Entered February 18, 2025
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0000481-2024

BEFORE:  LAZARUS, P.J., STABILE, J., and NEUMAN, J.

MEMORANDUM BY NEUMAN, J.:                **FILED FEBRUARY 10, 2026**

Appellant, Marcus Mitchell, appeals from the judgment of sentence of 2½ to 6 years' incarceration, followed by 2 years of reporting probation, imposed after he entered a negotiated plea of guilty to Aggravated Assault, 18 Pa.C.S. § 2702(a)(1).  On appeal, Appellant maintains that his plea was not knowing or voluntary, and that he is innocent.  After careful review, we affirm.

The trial court summarized the relevant facts and procedural history in its Pa.R.A.P. 1925(a) opinion, as follows:

> The factual basis proffered by the Commonwealth for [Appellant's] guilty plea, to which [Appellant] agreed, established that on December 31, 2023, [Appellant] produced a firearm and fired it into an occupied home on West Loudon Street in Philadelphia.  Had [Appellant] proceeded to a jury trial, the victim would have testified that she was inside of the home at the time of the shooting.
>
> On February 18, 2025, [Appellant] … pled guilty pursuant to a negotiated guilty plea agreement to one count of [A]ggravated

> [A]ssault…. On that same date, this [c]ourt imposed a total sentence of [2½ to 6] years of incarceration, followed by [2] years of reporting probation, which was the sentence jointly recommended by [Appellant] and the Commonwealth. On February 20, 2025, [Appellant] filed a post-sentence motion to withdraw his guilty plea. On April 21, 2025, following an evidentiary hearing on [Appellant's] motion to withdraw his guilty plea, the [c]ourt denied [Appellant's] motion.

Trial Court Opinion ("TCO"), 6/18/25, at 1-2 (citations to the record omitted).

Appellant then filed a timely notice of appeal, and he also filed a timely, court-ordered Rule 1925(b) statement. The trial court issued its Rule 1925(a) opinion on June 18, 2025.

Appellant now presents the following issue for our review:

> Whether the trial court erred and abused its discretion when it denied [Appellant's] motion to withdraw [his] guilty plea on April 21, 2025[,] since [Appellant] testified that his plea was not knowing or voluntary and that he was innocent?

Appellant's Brief at 6.

Appellant argues he "did not enter into his guilty plea knowingly, voluntarily, and intelligently, and as such, his plea was not valid" because "the court never asked Appellant if he understood the guilty plea colloquy form that he signed"; "the lower court never determined if [Appellant] was, in fact, guilty"; and "the lower court never told [Appellant] that he is presumed innocent, and failed to make Appellant aware of the permissible sentencing range." *Id.* at 18-20 (emphasis and unnecessary capitalization omitted).

Initially, we note that the reasons Appellant now argues his guilty plea was not knowing, voluntary, or intelligent were not the reasons given before the trial court. The trial court stated the following:

At the evidentiary hearing held on April 21, 2025, [Appellant] testified that he was innocent and that his guilty plea was not made knowingly and voluntarily for the following reasons:

I asked my attorney if she could have another continuance because of the evidence that she didn't have from the Philadelphia prison system. She told me that the judge would not allow another continuance on our behalf. She continued to tell me that I was mentally incompetent after she had received my educational records to believe that I was gonna [*sic*] beat my suppression hearing and beat a trial.

N.T. [Post-Sentence Motion Hearing,] 4/21/25[,] at 7-8. [Appellant] further claimed that his attorney "verbally assaulted" him by calling him "stupid." ***Id.*** at 8. [Appellant] also testified that he wanted to withdraw his guilty plea because his plea counsel only spoke to him when she was trying to get him to accept the plea offer. ***Id.*** at 9. During cross-examination, [Appellant] admitted that he had provided a confession to the police and had asked a police officer how much time he would receive for his crime. ***Id.*** at 12. [Appellant] claimed on re-direct that … he had been experiencing a foot injury and infection at the time of his confession and that his confession had not been voluntary. ***Id.*** at 13-15.

TCO at 4. Because Appellant did not argue before the court that his plea was invalid for the same reasons he states herein, his claims are waived. ***See*** Pa.R.A.P. 302(a) ("Issues not raised in the trial court are waived and cannot be raised for the first time on appeal.").

Even if not waived, we would conclude that Appellant's challenges to the validity of his plea are meritless. "It is well-settled that the decision whether to permit a defendant to withdraw a guilty plea is within the sound discretion of the trial court." ***Commonwealth v. Hart***, 174 A.3d 660, 664 (Pa. Super. 2017) (applying an abuse of discretion in post-sentencing context). In ***Commonwealth v. Broaden***, 980 A.3d 124 (Pa. Super. 2009), we

summarized the principles governing post-sentence motions to withdraw a guilty plea:

> [P]ost-sentence motions for withdrawal are subject to higher scrutiny since courts strive to discourage entry of guilty pleas as sentence-testing devices. A[n appellant] must demonstrate that manifest injustice would result if the court were to deny his post-sentence motion to withdraw a guilty plea. Manifest injustice may be established if the plea was not tendered knowingly, intelligently, and voluntarily. In determining whether a plea is valid, the court must examine the totality of circumstances surrounding the plea. A deficient plea does not *per se* establish prejudice on the order of manifest injustice.

*Id.* at 129 (citations omitted).

"The Pennsylvania Rules of Criminal Procedure require the [trial] court to conduct an on the record inquiry to determine whether the plea is voluntarily and knowingly tendered." ***Commonwealth v. Hodges***, 789 A.2d 764, 765 (Pa. Super. 2002) (citing Pa.R.Crim.P. 590(a)). The trial court must determine whether

> (1) … the defendant understand[s] the nature of the charges to which he is pleading guilty[;]
> (2) … there [is] a factual basis for the plea[;]
> (3) … the defendant understand[s] that he has the right to trial by jury[;]
> (4) … the defendant understand[s] that he is presumed innocent until he is found guilty[;]
> (5) … the defendant [is] aware of the permissible range of sentences and/or fines for the offenses charged[; and]
> (6) … the defendant [is] aware that the judge is not bound by the terms of any plea agreement tendered unless the judge accepts such agreement[.]

***Commonwealth v. Watson***, 835 A.2d 786, 796-97 (Pa. Super. 2003). Additionally, "[a] person who elects to plead guilty is bound by the statements

he makes in open court while under oath and he may not later assert grounds for withdrawing the plea which contradict the statements he made at his plea colloquy." ***Commonwealth v. Pollard***, 832 A.2d 517, 523 (Pa. Super. 2003) (citation omitted).

Here, a thorough review of the record belies Appellant's claims that his guilty plea was not knowingly, intelligently, and voluntarily entered. Appellant first alleges "the court never asked Appellant if he understood the guilty plea colloquy form that he signed." Appellant's Brief at 20 (emphasis omitted). We acknowledge that the court never asked Appellant that exact question during the oral colloquy; however, Appellant's comprehension is established through the record as follows:

> [The court:] … I am holding here a seven-page form that says guilty plea colloquy. It has your name on it. Let me ask you, did you go over this form with your attorney?
>
> [Appellant:] Yes.
>
> [The court:] And did you have a chance to ask her any questions you may have had about the form?
>
> [Appellant:] Yes, sir.
>
> [The court:] And is this your signature on the bottom of the 6th page of the form?
>
> [Appellant:] Yes, sir.
>
> [The court:] And did you sign it of your own free will?
>
> [Appellant:] Yes, sir.

N.T. Plea, 2/18/25, at 5. Additionally, the bottom of page 6 of the guilty plea colloquy form, directly beneath Appellant's confirmed signature, reads "I have

read all of the above, or my lawyer has read it to me. I understand it. My answers are all true and correct." Guilty Plea Colloquy, 2/18/25, at 6. It was also established that Appellant can read, write, and understand the English language, and that he had no diagnoses, nor was he on any substance, that would inhibit his ability to understand the proceedings. N.T. Plea at 3-5; *see also* Guilty Plea Colloquy at 1. Based on the entirety of this record, we conclude that Appellant clearly understood the written guilty plea colloquy.

Appellant's second claim is "the lower court never determined if [Appellant] was, in fact, guilty." Appellant's Brief at 20. This claim is clearly belied by the record. After hearing a recitation of the facts to be elicited at trial, which Appellant agreed were the basis for his guilty plea, the trial court stated, "I do find a factual basis for the guilty plea has been established through counsel." N.T. Plea at 10-11. Under *Watson*, the court is only required to determine that there is a factual basis for the guilty plea as it did here.

Appellant's third claim is "the lower court never told [Appellant] that he is presumed innocent[] and failed to make Appellant aware of the permissible sentencing range." Appellant's Brief at 20. The record also belies this claim. During Appellant's oral colloquy the court stated, "And do you understand that if you were [to] go to trial, you'd be presumed innocent and the Commonwealth would have to prove you guilty beyond a reasonable doubt?" N.T. Plea at 7. The trial court also stated,

[n]ow, according to the form that you signed, you agreed to plea[d] guilty to the offense of [A]ggravated [A]ssault, which is graded as a first-degree felony and that carries a maximum term of confinement, under the law, up to 20 years, and [a] max fine [of] up to $25,000.00. Do you understand those are the maximum penalties for the charges to which you're intending to plea[d] guilty?

*Id.* at 5-6; *see also* Guilty Plea Colloquy at 2.

Finally, although Appellant refers to his innocence in his Statement of Questions involved, he makes no reference to this claim in his argument. Appellant's Brief at 6. Examining the record, we note Appellant makes only a bare assertion of innocence that is unsupported by any evidence.

Based on the entirety of the record, we would conclude Appellant waived all arguments not presented to the trial court. This Court also concludes that Appellant's claims, as presented, are meritless, even had he preserved them for our review before the trial court. We discern no abuse of discretion in the court's decision that Appellant's plea was knowingly and voluntarily entered, and no manifest injustice resulted by denying his post-sentence motion to withdraw his plea.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 2/10/2026

- 7 -